PET. EQ.                    Robinson *vs.* Huffman and Wife.

Case 13.                    APPEAL FROM LINCOLN CIRCUIT.

The mother of a married woman conveyed to her a house and lot in a
  town, and furnished lumber in part to repair it, and the husband
  had the repairs done and paid therefor to the amount of four or
  five hundred dollars, which repairs were necessary to render the
  premises habitable. Held—that the property was not liable, or
  any interest therein, to sale to satisfy a judgment creditor of the
  husband.

Case stated.     Robinson having a judgment against Huffman,
rendered in 1841, for $125 72, interest and costs, and
a return of no property found upon an execution on
that judgment, filed his petition against Huffman
and wife, and praying for the sale of the husband's
interest in a certain house and lot in Stanford, upon
which it is alleged the husband, (the defendant in
the execution,) had made improvements to the
amount of four or five hundred dollars. The peti-
tion was answered, denying the right of the creditor
to have any satisfaction out of the property. The
evidence shows that the mother of Mrs. Huffman con-
veyed to her the house and lot in 1848 ; and that be-
fore the conveyance, part of the lumber to repair
the house and lot had been furnished from the land
of the mother ; that the defendant, Huffman, paid the
mechanics for the repairs, and for materials to a
small amount ; and that the value of the property
was enhanced some four or five hundred dollars—all
which was necessary to a comfortable occupancy of
the premises—and that the defendants occupied the
same as a residence.

*Burton*, for appellant—

The question presented by this record is, whether
an insolvent husband, according to the laws of Ken-
tucky, can expend his means which belong to his
creditors, in erecting lasting and valuable improve-

ments on his wife's lands, and thereby elude his creditors? If he may do so to the extent of $500, may he not to the extent of $5,000, by building upon the ground owned by his wife in a city where improvements are more valuable? The case of *Athy vs. Knott*, 6 *B. Monroe*, 29, is relied on as authority for appellant, and a reversal is asked.

*Fox & Bell*, for appellee—

1. The house and lot in Stanford, when conveyed to Mrs. Huffman, in 1848, was not tenantable. Dr. Huffman made some improvements upon the dwelling house, put up a stable and smoke house, by which the witnesses suppose the value of the property was increased some $500, part of which repairs were paid for in professional services. Robinson, a judgment creditor, seeks to subject the improvements put upon the lot by Dr. Huffman to the payment of his judgment.

The case of *Athy vs. Knott*, 6 *B. Monroe*, 24, cited and relied upon by appellant, is not analagous. In that case the court said: "An insolvent father, instead of paying his debts, expends a large sum in the erection of valuable buildings upon the lots of his infant son. Can he in this way provide for himself and enrich his son, at the expense of his creditors? We think not." In that case there was a fraudulent design secretly to place the funds of the father in a condition profitable to himself. In this case there is no such design as the purpose of Huffman; but the husband, a physician laboring under embarrassment, seeks, out of a part of his earnings, to put the house and lot of his wife in such condition that his wife and children may enjoy it comfortably as a residence. There has been no lavish expenditure; nothing more than was necessary to preserve the property and render it tenantable.

2. The 3d section of the act of 1846 provides that the lands of a married woman shall not be subject to the debts of her husband, nor be levied on, attached,

ROBINSON
vs.
HUFFMAN AND
WIFE.

or sold for his debts created before or after the marriage. It is impossible, in this case, to sell the improvements separately from the house. We hope for an affirmance of the judgment.

December 16.

Chief Justice. MARSHALL delivered the opinion of the Court—

The mother of a married woman conveyed to her a house and lot in a town, and furnished lumber in part to repair it, and the husband had the repairs done and paid therefor to the amount of four or five hundred dollars, which repairs were necessary to render the premises habitable. Held— that the property was not liable or any interest therein, to sale to satisfy a judgment creditor of the husband.

In this case, Robinson, a judgment creditor of Huffman, with a return of no property on his execution, seeks to subject to his demand the value of improvements paid for by him, and made upon a small lot in the town of Stanford, on which the debtor, with his wife and family, reside. The prayer of the petition is resisted by the husband and wife, who allege that the improvements consist mainly of the repair of a log house, which had for a long time stood upon a lot conveyed to the wife by her parents in 1848, for which a great part of the lumber had been furnished from the land of her father. And although it appears from the evidence that the mechanics who did the work have been paid by him, and that he purchased and paid for materials to a small amount, and that the value of the lot has been enhanced by the improvement to the amount of four or five hundred dollars, it does not appear that the improvements were more than was necessary to put the house and lot in habitable and decent condition. The payments were partly made in his own medical bills, and altogether, as may be inferred, by the proceeds of his practice as a physician, which may be presumed to have been very limited. There is no evidence that he has any other house for his family but that which he has repaired on the land of his wife. Nor does it appear that he could furnish any other for a less sum than he has expended for repairs. His expenditures upon this subject have not been extravagant, nor such as furnish any ground for inferring the design or intentional purpose of thereby defrauding his creditors. He seems to have done little more in putting this house and lot in tenantable condition

than was necessary to perform his obligation to sup-

port his wife and family.   And to charge the wife's
property with the expense for the benefit of credi-
tors, would  seem to be little better than to make it
liable for his expenditures in furnishing food and
clothing for her and her children.   Besides, the re-
pairs cannot be separated from the building so re-
paired, without rendering the premises uninhabitable,
and turning the wife and children out of doors, and,
in fact, out of her own house and lot.   Nor could the
materials and labor constituting the repairs be other-
wise made availablo to a purchaser, except by intro-
ducing him as a co-tenant.   We know of no equita-
ble principle which would authorize the Chancellor
to grant the relief asked for.   With the certainty of
such results, and especially where there has been no
intentional wrong, in which the wife, whose claim is
as meritorious as any other, may be presumed to have
participated.   The case of *Athy vs. Knott,* 6 *B. Mon-*
*roe,* 29, does not authorise the relief prayed for in
such  a case.   That case, and the case of *Brown vs.*
*Steele,* 10 *B. Monroe,* 323, show with what caution
and with what regard to the rights of the  owner of
the realty the power of subjecting the improvements
placed upon it by a debtor  having a temporary right
is to be exercised by the Chancellor.    The case of
*Fetter  vs.  Wilson, &c.* 12 *B. Monroe,* 90, is  a strong
illustration of this regard for the rights of  a wife own-
ing the real estate by deed subsequent to act of 1846,
protecting the rights of married women, even  where
the improvements placed thereon by the husband are
sought to be subjected by the mechanics themselves,
to payment of the debts of the husband incurred in
placing  them there.    This case is  stronger in favor
of the wife.    And, as the land itself cannot be  sold
for the debt of the husband, not having been charged
with it by the written act  of himself and wife, and
as the improvements cannot be sold without great in-
jury to the wife, and as  there is  no actual fraud

which may be imputed to her, there is no equitable ground for the relief sought, and the petition was properly dismissed. Wherefore, the decree is affirmed.